IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIFFANY SODANO,

    Plaintiff,　　　　　　　　　　　　　No. CIV S-11-2902 MCE EFB PS

    vs.

DISCOVER FINANCIAL SERVICES, INC.;
DISCOVER BANK; DISCOVER CARD
SERVICES, INC.,

    Defendants.　　　　　　　　　　　　ORDER
_____/

    This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On November 2, 2011, defendants DFS Services LLC (erroneously sued as Discover Financial Services, Inc. and DiscoverCard Services, Inc.) and Discover Bank ("defendants") removed this action from Yolo County Superior Court, based on federal question jurisdiction.[1] Dckt. No. 2. Then, on November 10, 2011, defendants moved to dismiss the complaint, which is noticed to be heard

////

---

[1] Specifically, plaintiff's complaint alleges claims under the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*., and the federal Fair Credit Reporting Act, 15 U.S.C. § 1681. Dckt. No. 2 at 2, 6.

1

on December 14, 2011.[2]  Dckt. Nos. 6, 9.

On November 21, 2011, plaintiff filed a motion to remand this action to state court, arguing that the case is within the jurisdiction of the Yolo County Superior Court.  Dckt. No. 13 at 1; Dckt. No. 13-1 at 1.  As an initial matter, plaintiff failed to notice the motion for hearing, as required by Eastern District of California Local Rule 230.  Moreover, although plaintiff contends that the case is within the jurisdiction of the Yolo County Superior Court, she does not assert that this court lacks jurisdiction or that defendants' removal of this action was otherwise improper.  Therefore, plaintiff's motion to remand will be denied without prejudice.

Additionally, court records reflect that although plaintiff filed a "declaration of denial" on November 10, 2011, Dckt. No. 10, plaintiff has not filed an opposition that responds to the arguments set forth in defendants' motion to dismiss.  Nor has she filed a statement of non-opposition to the motion.  Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by November 30, 2011.  Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction.  Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").  Pro se litigants are bound by the rules of procedure, even

---

[2] Defendants have since filed a request to appear telephonically at the December 14 hearing.  Dckt. No. 12.

though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to remand, Dckt. No. 13, is denied without prejudice.

2. The hearing on defendants' motion to dismiss, Dckt. No. 6, is continued to February 1, 2012.

3. Defendants' request to appear telephonically at the December 14, 2011 hearing, Dckt. No. 12, is denied as moot.

4. On or before January 18, 2012, plaintiff shall file either a statement of non-opposition to the motion or an opposition responding to the arguments set forth in the motion.

5. Failure of plaintiff to file an opposition will be deemed a statement of non-opposition to the pending motion, and may result in a recommendation that this action be dismissed for lack of prosecution and/or for failure to comply with court orders and this court's Local Rules. *See* Fed. R. Civ. P. 41(b).

6. Defendants may file a reply to plaintiff's opposition, if any, on or before January 25, 2012.

SO ORDERED.

Dated: December 5, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE