1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TIFFANY SODANO,

11              Plaintiff,              No. CIV S-11-2902 MCE EFB PS

12        vs.

13   DISCOVER FINANCIAL SERVICES, INC.;
     DISCOVER BANK; DISCOVERCARD
14   SERVICES, INC.,
                                            ORDER
15              Defendants.

16   _____/

17        This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to

18   Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). Defendants

19   DFS Services LLC (erroneously sued as Discover Financial Services, Inc. and DiscoverCard

20   Services, Inc.) and Discover Bank ("Discover") removed this action from Yolo County Superior

21   Court, based on federal question jurisdiction. They now move to dismiss plaintiff's complaint

22   for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Mot.

23   to Dism., Dckt. No. 6. Plaintiff opposes the motion and also moves to remand the action to state

24   court. Opp'n to Mot. to Dism., Dckt. No. 15; Mot. to Remand, Dckt. No. 16. For the reasons

25   stated herein, plaintiff's motion to remand will be denied and Discover's motion to dismiss will

26   be granted with leave to amend.

I.    BACKGROUND

Plaintiff sued Discover in small claims court in Yolo County, alleging that Discover violated the Federal Credit Reporting Act ("FCRA"), Federal Debt Collection Practices Act ("FDCPA"), and Office of the Comptroller of the Currency ("OCC"), by failing "to remove charges [plaintiff] reported as fraudulent" in connection with her credit card account and failing "to handle the claim properly and in a timely manner."  Compl., Dckt. No. 2, Ex. A at 6.

II.    MOTION TO REMAND

Plaintiff argues that this action should be remanded to state court because plaintiff's FCRA and FDCPA claims can be brought in state court.  Mot. to Remand; *see also* Dckt. No. 17 (plaintiff's motion to set aside the hearing on defendants' motion to dismiss due to a lack of jurisdiction).  Plaintiff misunderstands the requirements for removal jurisdiction.  That the state court might have concurrent jurisdiction over a federal statutory claim does not preclude removal.

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)).  Pursuant to 28 U.S.C. § 1331, the district courts are vested with original jurisdiction over cases "arising under the constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Regardless of whether plaintiff's claims could *also* have been brought in state court, because plaintiff's complaint alleges that Discover violated federal laws (the FCRA, FDCPA, and OCC), this action was properly removed pursuant to 28 U.S.C. §§ 1331 and 1441.  *See* Compl. at 6.  Therefore, plaintiff's motion to remand and motion to set aside the hearing on Discover's motion to dismiss must be denied.

////

////

////

2

III.     MOTION TO DISMISS

Discover moves to dismiss all three of plaintiff's claims, arguing that the complaint fails to state facts sufficient to constitute a cause of action against Discover under the FDCPA, the FCRA, or any regulations promulgated by the OCC.  *See generally* Mot. to Dismiss.

A.     Standards

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).

////

////

////

3

B.      Plaintiff's Claims

1.      FCRA

Discover moves to dismiss plaintiff's FCRA claim, arguing that plaintiff has not alleged that Discover's obligations under the FCRA "were ever triggered or breached."  Mot. to Dism. at 2.  Discover argues that although plaintiff alleges that Discover failed to investigate and remove fraudulent charges that were included in the balance that appears on her credit report, and although Discover, as a furnisher of credit information, is obligated to ensure that the information provided to a consumer reporting agency is complete and accurate and to investigate disputes made by a consumer, there is no private right of action to enforce those duties.  *Id.* at 2-3 (citing 15 U.S.C. § 1681s-2(a) and *Nelson v. Chase Manhattan Mortgage Co.*, 282 F.3d 1057, 1059 (9th Cir. 2002)).  Therefore, Discover argues that plaintiff does not have standing under the FCRA to assert a claim that Discover reported inaccurate information about her account or failed to properly investigate her claim regarding the fraudulent charges.  *Id.*

Here, plaintiff does not allege what specific provisions of the FCRA she contends Discover violated.  Discover is correct that plaintiff cannot state a claim based on a violation of Discover's duties under § 1681s-2(a) as a furnisher of credit reporting information, since there is no private right of action under that statute.[1]  *See* 15 U.S.C. § 1681s-2(c); *see also Nelson*, 282 F.3d at 1059.  Therefore, to the extent plaintiff's FCRA claim is based on a violation of § 1681s-2(a), the claim is dismissed without leave to amend.  To the extent plaintiff's FCRA claim is based on another provision of the FCRA, the claim is dismissed for failure to allege sufficient facts in support thereof.  However, plaintiff will be given leave to amend state a claim, to the extent that she can, under any provision of the FCRA that provides for a private right of

---

[1] Section 1681s-2(a) prohibits a furnisher of credit reporting information from furnishing inaccurate information credit reporting agency ("CRA"), and imposes a duty on furnishers of credit information to correct and update the information they provide so that the information is "complete and accurate," to notify CRAs if a consumer disputes the information furnished, to notify the CRA of the closure of a consumer's account, and to notify the CRA of delinquent accounts.  *See* 15 U.S.C. § 1681s-2(a); *see also Nelson*, 282 F.3d at 1059.

1   action.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must

2   afford *pro se* litigants an opportunity to amend to correct any deficiency in their complaints).

3                           2.      FDCPA Claim

4           Discover also moves to dismiss plaintiff's FDCPA claim, arguing that plaintiff has not

5   identified any applicable section of the FDCPA and has not plead facts showing that the FDCPA

6   was violated.  Mot. to Dism. at 3.  Discover contends that it is not a "debt collector" within the

7   meaning of the FDCPA, and that plaintiff has not alleged that Discover was attempting to collect

8   a "debt" or that she is a "consumer" within the meaning of the FDCPA.  *Id.* at 4-5.  Discover

9   argues that plaintiff will be unable to amend since Discover is a creditor and not a "debt

10  collector."  *Id.* at 6.

11          The purpose of the FDCPA is to "prohibit debt collectors from engaging in unfair and

12  deceptive practices in the collection of consumer debts, and to require debtors to act fairly into

13  entering into and honoring such debts."  *See* 15 U.S.C. § 1692.  The FDCPA applies only to a

14  "debt collector," defined as "a person who uses any instrumentality of interstate commerce or the

15  mail in any business the principal purpose of which is the collection of any debts, or who

16  regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be

17  owed or due another."  *Id.* § 1692a.  The definition explicitly excludes creditors.  15 U.S.C.

18  § 1692a(4), § 1692a(6)(A).

19          Here, plaintiff does not identify the section of the FDCPA that Discover purportedly

20  violated.  Nor does she allege facts that would support a violation of the FDCPA.  She has not

21  alleged facts that would establish that Discover is a "debt collector," that Discover attempted to

22  collect a "debt" from plaintiff, or that plaintiff is a "consumer" within the meaning of the

23  FDCPA.  *See Swain v. CACH, LLC,* 699 F. Supp. 2d 1109, 1110 (N.D. Cal. 2009).  Therefore,

24  plaintiff's FDCPA claim must be dismissed.  Plaintiff will be given leave to amend to the extent

25  that she can allege that Discover violated a specific provision or provisions in the FDCPA and

26  ////

1   to the extent she can allege sufficient facts in support of those claims.[2] *Lopez,* 203 F.3d at

2   1126-27 (9th Cir. 2000).

3           3.   OCC Claim

4         Finally, Discover moves to dismiss plaintiff's "OCC" claim, arguing that (1) it is

5   impossible for Discover to "violate" the OCC, as the OCC is the Office of the Comptroller of the

6   Currency, a government entity rather than a statute or code section as plaintiff seems to believe;

7   and (2) assuming plaintiff intended to plead that Discover violated OCC regulations, the claim

8   still fails because plaintiff does not have standing to bring such a claim.  Mot. to Dism. at 6.

9         As Discover notes, the OCC is a government entity and not a code section. *See* 12

10  U.S.C. § 92a.  However, plaintiff may have intended to allege that Discover violated the OCC

11  regulations.  Assuming that was her intent, her claim fails because plaintiff has not alleged what

12  OCC regulation she contends Discover violated, nor has she alleged any facts in support of such

13  a violation.  Accordingly, plaintiff's OCC claim must also be dismissed.  Plaintiff will be given

14  leave to amend to the extent that she can allege that Discover violated a specific OCC regulation,

15  that there is private right of action to sue Discover for such a violation, and specific facts which

16  if true establish such a violation.[3] *Lopez,* 203 F.3d at 1126-27 (9th Cir. 2000).

17  IV.   LEAVE TO AMEND

18        If plaintiff elects to file an amended complaint as authorized herein, plaintiff must

19  identify the specific provisions in the FCRA, FDCPA, and/or OCC regulations that plaintiff

20  contends Discover violated.  Plaintiff shall also state the specific conduct by Discover that

21

---

22      [2] Although defendant argues that plaintiff should not be given leave to amend because
    Discover is a creditor and not a "debt collector," based on the scant allegations in the complaint,

23  the court cannot determine at this time that plaintiff would be unable to allege that Discover was
    a debt collector for purposes of the FDCPA.

24

25      [3] Again, although defendant argues that plaintiff should not be given leave to amend
    because there is no private right of action to sue Discover for alleged violations of OCC
    regulations, because it is unclear what OCC regulation(s) plaintiff contends Discover violated,

26  the court cannot determine whether there is a private right of action to sue for such a violation.

1  allegedly violates each such statutory provision.  The complaint shall not add new claims or new

2  defendants.

3        Plaintiff is reminded that the court cannot refer to a prior pleading in order to make her

4  amended complaint complete.  Local Rule 220 requires that an amended complaint be complete

5  in itself without reference to any prior pleading.  This is because, as a general rule, an amended

6  complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).

7  Accordingly, once plaintiff files an amended complaint, the amended complaint no longer serves

8  any function in the case.  Failure to file an amended complaint will result in a recommendation

9  that this action be dismissed.

10  V.     <u>CONCLUSION</u>

11        Accordingly, IT IS HEREBY ORDERED that:

12       1.  Plaintiff's motion to remand, Dckt. No. 16, and plaintiff's related motion to set aside

13  the hearing on defendants' motion to dismiss, Dckt. No. 17, are denied;

14       2.  Discover's motion to dismiss, Dckt. No. 6, is granted;

15       3.  Plaintiff is provided thirty days from the date of this order to file an amended

16  complaint as provided herein;

17       4.  The status (pretrial scheduling) conference currently set for June 20, 2012 is continued

18  to August 15, 2012 at 10:00 a.m. in Courtroom No. 24; and

19       5.  On or before August 1, 2012, the parties shall file status reports, as provided in this

20  court's November 3, 2011 order.

21  DATED:  April 19, 2012.

22

23                  EDMUND F. BRENNAN
                UNITED STATES MAGISTRATE JUDGE

24

25

26